IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG DARNELL McPHERSON,

                              Plaintiff,

   v.                                               OPINION and ORDER

TRAVIS HAYKES,                               24-cv-153-jdp

                              Defendant.

---

Plaintiff Craig Darnell McPherson, proceeding without counsel, alleges that he was under lockdown for almost two years while at the Chippewa County jail. Defendant Travis Haykes, the sheriff, moves for summary judgment on the ground that McPherson did not exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Dkt. 27. McPherson did not respond to the motion, and Haykes has shown that McPherson did not file a grievance about the lockdown, so I will grant the motion for summary judgment.

ANALYSIS

McPherson is proceeding on one claim, which is that Haykes violated his right to due process by subjecting him to a long lockdown. Haykes moves to dismiss McPherson's claim under the Prison Litigation Reform Act of 1995 (PLRA), which requires prisoners to exhaust all available administrative remedies before challenging prison conditions under federal law. 42 U.S.C. § 1997e(a). This means that a prisoner must take each step in the administrative process, which includes following instructions for filing "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*," 286 F.3d 1022, 1025 (7th Cir. 2002). The prisoner must also include in his grievance any information required

by prison rules. *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

To support his motion, Haykes submitted a declaration from the administrator for the Chippewa County jail, James Maki. Dkt. 29. Maki attached a copy of the jail's grievance policy, which detainees receive as part of the jail handbook. *Id.*, ¶ 6. The policy allows detainees to file grievances "relating to conditions of confinement," including housing and recreation. Dkt. 29-1, at 1. The policy includes instructions regarding how to file a grievance using the kiosk system. *Id.* at 1–2. Maki also attached a 168-page report showing everything that McPherson used the kiosk for. Dkt. 29-2. The report shows that McPherson did not file any grievances about being on lockdown, and he did not otherwise complain about that issue.

McPherson's claim in this case falls within the scope of the jail's grievance policy, and it is reasonable to infer from Haykes's evidence that McPherson knew about the grievance policy and how to use the kiosk system to file a grievance, but he failed to file a grievance about the lockdown. McPherson has not disputed Haykes's evidence, so Haykes has met his burden to show that McPherson failed to exhaust his administrative remedies, and I must dismiss the case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

ORDER

IT IS ORDERED that defendant Travis Haykes's motion for summary judgment, Dkt. 27, is GRANTED, and this case is DISMISSED without prejudice for plaintiff Craig

2

Darnell McPherson's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment and close the case.

    Entered May 22, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge